# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MILO WILLIAMS, § | |
|    Plaintiff, § | |
| § | |
| v. § | No. 3:19-cv-01382-N (BT) |
| § | |
| DONALD TRUMP, ET AL., § | |
|    Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Milo Williams's *pro se* complaint. For the following reasons, the Court should dismiss Williams's complaint under Fed. R. Civ. P. 41(b).

### I.

On June 10, 2019, Williams, a state inmate, filed this complaint against Donald Trump, Steven Mnuchin, and Milo Craedel Williams Private Business Trust. Williams also paid a $5 filing fee, which is the fee required for petitions for writ of habeas corpus. The Court construed Williams's complaint as a petition for writ of habeas corpus and ordered Williams to file his claims on the Court's habeas corpus form. On July 23, 2019, Williams informed the Court that his filing is a civil complaint, and that it should not be construed as a habeas corpus petition. (ECF No. 6 at 1-2.)

1

On August 27, 2019, the Court informed Williams that his civil complaint was deficient because Williams failed to pay the filing fee required for civil complaints. The filing fee for a civil complaint filed by a prisoner who is not granted leave to proceed *in forma pauperis* is $400; the filing fee for a complaint filed by a prisoner who is granted leave to proceed *in forma pauperis* is $350.[1] The Court ordered Williams to either pay the filing fee or file a motion to proceed *in forma pauperis* within thirty days of the Court's order. The Court informed Williams that failure to cure the deficiency within thirty days could result in a recommendation that his complaint be dismissed. More than thirty days have passed, and Williams has failed to either pay the filing fee or file a motion to proceed *in forma pauperis*.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the

---

[1] The filing fee for a civil action is $350. An administrative fee of $50 is also assessed in cases where the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner is granted leave to proceed *in forma pauperis*, only the $350 will be deducted from the prisoner's account. *Id.*

2

disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Williams has failed to either pay the filing fee or file a motion to proceed *in forma paupers*. This litigation cannot proceed until Williams cures this deficiency. Accordingly, Williams's complaint should be dismissed for want of prosecution.

### III.

For the foregoing reasons, Williams's complaint should be dismissed without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed November 22, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).